Allen, J.
delivered the opinion of the Court.
The Court is of opinion, that according to the true intent and meaning of the parties, to be collected from the pleadings and exhibits in the cause, they contemplated a sale and purchase of the premises in the proceedings mentioned, subject to the lease, the vendor reserving the rent; and if in consequence of the absolute conveyance to the vendees, the right of the vendor to enforce the collection of the rents from the tenants, was lost or impaired, the vendees incurred a personal obligation to account for the same to the vendor, if the same was collected by them, or otherwise released by them. The Court is therefore of opinion, that there was no waiver of the lien for the purchase money or any part thereof, by the stipulation in regard to the rents.
The Court is further of opinion, that under the pleadings in this cause, and the facts disclosed by the record, the appellants, notwithstanding their answers, cannot be regarded as bona fide purchasers without notice of the facts upon which depended the claim of the vendor Caleb Tail, to charge the property sold with the vendor’s lien for the unpaid purchase money.
The Court is therefore of opinion, that there is no error in so much of the decree as holds the lot and tene *49 merits in question liable for the amount of the purchase money ascertained by the decree in favour of the administrator of said Caleb Tail against the said James C. Moorman, to be due and unpaid, and in decreeing a sale of said property for the payment thereof.
But the Court is of opinion, that in the details of said decree there was error in this, that said decree gives no day to the appellants to redeem the property by paying up the amount charged upon it. And also in directing a sale for cash, instead of allowing a reasonable credit; there being nothing in the record to shew that in the exercise of a sound discretion a sale of such a valuable property for cash was required; and the relation of the parties, and the character of the lien rendering it proper that a sale upon a reasonable credit should have been directed. It is therefore adjudged, ordered and decreed that said decree, so far as the same is hereinbefore declared to be erroneous be reversed, and that in all other respects it be affirmed. That the appellants recover their costs, and that the cause be remanded with instructions to enter a decree providing that unless the appellants, or some one for them, pay to the appellee the debt and interest ascertained to be due by said James C. Moorman on account of said purchase money, and the costs of said suit, within 90 days, that said property be sold upon reasonable credits to be fixed by the Court; and for further proceedings in order to a final decree.